# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E1) OLUSEGUN GADE**
**United States Army, Appellant**

ARMY 20170506

Headquarters, 1st Infantry Division and Fort Riley
Ryan W. Rosauer and Charles L. Pritchard, Jr., Military Judges
Lieutenant Colonel Joseph B. Mackey, Staff Judge Advocate

For Appellant: Major Julie L. Borchers, JA; Captain Zachary A. Szilagyi, JA.

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA.

27 September 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial found appellant guilty, contrary to his plea, of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2006 & Supp. V 2012) [UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge.  We review this case under Article 66, UCMJ.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant challenges the sufficiency of his conviction, specifically claiming his absence was excused by duress, that he voluntarily terminated his absence, and that the government offered no evidence of his intent to remain away permanently.  We disagree.

Appellant came from Nigeria to the United States when he was 23 years old and became a U.S. citizen in 2012.  He enlisted in the Army at age 40, and was a 42-year-old private (E-1) when he left his unit at Fort Riley, Kansas, his second duty station following his basic and advanced individual training.  Appellant left Fort Riley in August 2012 and returned to Nigeria.  He remained absent until February 2017, when he was detained by customs officials at John F. Kennedy International Airport (JFK) in New York, pursuant to a deserter warrant.

At trial, appellant admitted he left his unit without authority but asserted he did so under duress: he thought he would die because his military doctors were unable to diagnose and treat his abdominal pain. Appellant claimed he intended to return to his unit after receiving treatment from spiritual practitioners in Nigeria. He also testified he identified himself as a member of the U.S. Army to a customs agent at JFK, thus terminating his absence voluntarily.

On the question of intent, appellant argues he had no intent to remain away permanently, and the government produced no contradictory evidence. However, the record contains ample circumstantial evidence of his intent: appellant returned to his native country, where he had lived for the first twenty-three years of life, and he ultimately remained away from his unit for four and a half years. Such evidence leaves no reasonable doubt in our mind that appellant intended to remain away permanently, at some point during his lengthy absence, despite his testimony to the contrary.

Likewise, we find this same evidence negates the defense of duress. Appellant reasserts his claim at trial that he feared imminent death or serious bodily injury when he left and this fear continued throughout his absence. In other words, he would immediately die or suffer serious bodily injury if he returned to his unit. For the defense of duress to apply, appellant's apprehension must have been reasonable and it must have reasonably continued for the duration of his absence. Rule for Courts-Martial 916(h). On the facts of this case, we find such an apprehension – even if appellant actually held it – to be unreasonable. Put another way, we find no reasonable possibility that duress applied in this case.

Finally, on the question of voluntary termination, we note the only evidence of appellant's surrender was his testimony that he told a customs agent he was in the Army. Yet appellant did not testify he notified the agent of his status as an unauthorized absentee. Overall, our review of the entire record, to include the testimony of a JFK customs agent who handled appellant, convinces us that his absence was terminated by apprehension, when he was detained after an initial screening revealed a warrant for his arrest.

On consideration of the entire record, including the issues personally specified by appellant, we hold the finding of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, that finding and the sentence are AFFIRMED.

GADE – ARMY 20170506



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court